IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENOVA TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | |
| INITIO CORPORATION, INITIO | ) | **DEMAND FOR JURY TRIAL** |
| CORPORATION (California), and WESTERN | ) | |
| DIGITAL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Enova Technology Corporation hereby alleges for its Complaint against Initio

Corporation, Initio Corporation (California), and Western Digital Corporation as follows:

## PARTIES

1.      Plaintiff Enova Technology Corporation ("Enova") is a corporation organized and

existing under the laws of Taiwan, Republic of China, with its principal place of business in

Hsin-Chu City, Taiwan, Republic of China.

2.      Upon information and belief, Defendant Western Digital is a Delaware

corporation with its principal place of business in Lake Forest, California.  Upon information and

belief, Western Digital develops, manufactures, and sells a variety of storage products such as

disk drives worldwide to original equipment manufacturers, systems manufacturers, resellers and

retailers under the Western Digital and WD brand names.

3.      Upon information and belief, Defendant Initio Corporation is a corporation

organized and existing under the laws of Taiwan, Republic of China, with its principal place of

business in Taipei City, Taiwan, Republic of China.  Upon information and belief, Defendant

Initio Corporation (California) is a California corporation with its principal place of business in

San Jose, California.  Upon information and belief, Initio Corporation (California) is a wholly-

owned subsidiary of Initio Corporation.  Defendant Initio Corporation and Defendant Initio Corporation (California) are herein collectively referred to as "Initio."  Upon information and belief, Initio develops, manufactures, and sells semiconductor products such as integrated circuit ("IC") controllers, software, and other related products and services to customers worldwide, including to disk drive manufacturers such as Western Digital.

## JURISDICTION

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, in that this is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

5.      This Court has personal jurisdiction over Defendants because Defendants have committed and continue to commit acts of direct and indirect patent infringement in this District as alleged in this Complaint.  Furthermore, this Court has personal jurisdiction over Defendant Western Digital by virtue of its incorporation in Delaware.

## VENUE

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

7.      Enova is the current assignee, and the sole and exclusive owner of all right, title and interest in United States Patent No. 7,136,995 ("the '995 patent"), entitled "Cryptographic Device" and United States Patent No. 7,386,734 ("the '734 patent").  The '995 patent was duly and legally issued by the United States Patent and Trademark Office ("PTO") on November 14, 2006.  The named inventor of the '995 patent is Shuning Wann.  A copy of the '995 patent is attached hereto as Exhibit A.

8.      Enova is the current assignee, and the sole and exclusive owner of all right, title and interest in United States Patent No. 7,386,734 ("the '734 patent"), entitled "Real Time Data Encryption/Decryption System and Method for IDE/ATA Data Transfer."  The '734 patent was duly and legally issued by the United States Patent and Trademark Office ("PTO") on June 10, 2008.  The named inventors of the '734 patent are Shuning Wann, Chih-Chung Shih, I-Yao

Chuang, and Bor Wen Chiou.  A copy of the '734 patent is attached hereto as Exhibit B.

9.      The inventions of the '995 and '734 patents are directed to technology for encrypting/decrypting storage media, such as disk drives, in real time without materially compromising overall system performance.  Prior to these inventions, encryption technology was too slow, and applying it to the contents of entire drives was not practical, as doing so would compromise overall system performance.

10.      In or about April 2000, Mr. Wann founded Enova Technology, which has invested significantly in the technologies covered by the '995 and '734 patents and pioneered the development of ground-breaking products, including the first real-time full disk encryption ASIC.  Enova has also invested heavily in growing the market for such products.

11.      Defendants have ridden on the coattails of Enova's significant investments in R&D and market development by infringing Enova's patents, all to Enova's damage.

## COUNT ONE
## (Infringement of Patent No. 7,136,995)

12.      Enova re-alleges and incorporates by reference those allegations set forth in paragraphs 1-11 hereinabove.

13.      This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.*

14.      Defendant Initio has been and still is infringing (directly and/or indirectly), and will continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '995 patent by making, using, offering to sell, selling and/or importing into the United States certain IC controllers including, but not limited to, a model known as INIC-1607E (collectively the "Accused Initio Products").

15.      Defendant Western Digital has been and still is infringing (directly and/or indirectly), and will continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '995 patent by making, using, offering to sell, selling and/or importing into the United States, certain hard disk drives including, but not limited to, models known as My

Book Elite, My Book Essential, My Book for Mac, My Book Studio, My Passport Elite, My Passport Essential, My Passport Essential for Mac, and My Passport Essential SE (collectively the "Accused Western Digital Products").  At least some of the Accused Western Digital Products have incorporated, and will continue to incorporate into such products, one or more of the Accused Initio Products.

16.     As a direct and proximate result of Defendants' infringement of the '995 patent, Enova has suffered and will continue to suffer serious irreparable injury and damages in an amount not yet determined for which Enova is entitled to relief.

17.     As a direct and proximate result of Defendants' infringement of the '995 patent, Enova will continue to suffer serious irreparable injury unless Defendants' infringement of the '995 patent is enjoined.

**COUNT TWO**
**(Infringement of Patent No. 7,386,734)**

18.     Enova re-alleges and incorporates by reference those allegations set forth in paragraphs 1-11 hereinabove.

19.     This claim is made under the provisions of the patent laws of the United States 35 U.S.C. §§ 271 *et seq.*

20.     Defendant Initio has been and still is infringing (directly and/or indirectly), and will continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '734 patent by making, using, offering to sell, selling and/or importing certain IC controllers including, but not limited to, a model known as INIC1607E (collectively the "Accused Initio Products").

21.     Defendant Western Digital has been and still is infringing (directly and/or indirectly), and will continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '734 patent by making, using, offering to sell, selling, and/or importing certain hard disk drives including, but not limited to, models known as My Book Elite, My Book Essential, My Book for Mac, My Book Studio, My Passport Elite, My Passport Essential, My

Passport Essential for Mac, and My Passport Essential SE (collectively the "Accused Western Digital Products").  At least some of the Accused Western Digital Products have incorporated, and will continue to incorporate into such products, one or more of the Accused Initio Products.

22.     As a direct and proximate result of Defendants' infringement of the '734 patent, Enova has suffered and will continue to suffer serious irreparable injury and damages in an amount not yet determined for which Enova is entitled to relief.

23.     As a direct and proximate result of Defendants' infringement of the '734 patent, Enova will continue to suffer serious irreparable injury unless Defendants' infringement of the '734 patent is enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Enova respectively requests that this Court enter judgment in its favor against Defendants and grant the following relief:

a.     A judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of the '995 and '734 Patents in violation of 35 U.S.C. § 271;

b.     A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Defendants and their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them, from any further acts of infringement, inducement of infringement, or contributory infringement of the '995 and '734 patents;

c.     A judgment, pursuant to 35 U.S.C. § 284, awarding Enova damages adequate to compensate Enova for Defendant's infringement of the '995 and '734 patents, in an amount to be determined at trial, but in no event less than a reasonable royalty;

d.     A judgment pursuant to 35 U.S.C. § 284, awarding Enova interest on the damages and its costs incurred in this action;

e.     An award of pre-judgment and post-judgment interest and costs to Enova pursuant to 35 U.S.C. § 284;

f.     An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Enova its reasonable attorneys' fees incurred in this action; and

g.      Such other and further relief as the Court may deem just and proper.


## DEMAND FOR JURY TRIAL

Enova demands trial by jury on all issues so triable, pursuant to Federal Rule of Civil

Procedure 38.

ASHBY & GEDDES

*/s/ John G. Day*

_____
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Enova Technology Corporation*

*Of Counsel:*

Darryl M. Woo
Charlene M. Morrow
Michelle Cai
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
(415) 875-2300
dwoo@fenwick.com
cmorrow@fenwick.com
mcai@fenwick.com

Dated:  January 5, 2010