```
1                    IN THE UNITED STATES DISTRICT COURT

2                    IN AND FOR THE DISTRICT OF DELAWARE

3                                  - - -

4    ENOVA TECHNOLOGY CORPORATION,        :   CIVIL ACTION
                                          :
5                    Plaintiff,           :
                                          :
6           v.                            :
                                          :
7    INITIO CORPORATION, INITIO           :
     CORPORATION (California), WESTERN    :
8    DIGITAL CORPORATION, BUFFALO, INC.,  :
     and BUFFALO TECHNOLOGY (USA) INC.,   :
9                                         :
                     Defendants.          :   NO. 10-04 (LPS)
10
                                    - - -
11
                             Wilmington, Delaware
12                      Wednesday, December 22, 2010
                              TELEPHONE CONFERENCE
13
                                    - - -
14
     BEFORE:          HONORABLE LEONARD P. STARK, U.S.D.C.J.
15
                                    - - -
16   APPEARANCES:

17
                 ASHBY & GEDDES, P.A.
18               BY:  TIFFANY GEYER LYDON, ESQ.

19                   and

20               FENWICK & WEST, LLP
                 BY:  DARRYL M. WOO, ESQ.,
21                    THEIS FINLEV, ESQ., and
                      PHILLIP HAACK, ESQ.
22                   (San Francisco, California)

23                       Counsel for Enova Technology Corporation

24

25                                   Brian P. Gaffigan
                                     Official Court Reporter
```

```
1    APPEARANCES (Continued):

2
                 CONNOLLY BOVE LODGE & HUTZ, LLP
3                BY:  FRANCIS DiGIOVANNI, ESQ.

4                    and

5                CONNOLLY BOVE LODGE & HUTZ, LLP
                 BY:  SCOTT R. MILLER, ESQ., and
6                     MANUEL C. NELSON, ESQ.
                      (Los Angeles, California)
7
                              Counsel for Initio Corporation,
8                             Initio Corporation (California),
                              Western Digital Corporation,
9                             Buffalo, Inc., and Buffalo
                              Technology (USA) Inc.
10

11

12                       - oOo -

13                  P R O C E E D I N G S

14          (REPORTER'S NOTE:  The following telephone

15   conference was held in chambers, beginning at 10:33 a.m.)

16          THE COURT:  Good morning, everybody.  This is

17   Judge Stark.  Who is there, please?

18          MS. LYDON:  Good morning, your Honor.  Tiffany

19   Lydon on behalf of the plaintiff.  I have on the line with

20   me Darryl Woo, Theis Finlev and Phil Haack and Fenwick &

21   West.

22          THE COURT:  Okay.  Good morning.

23          MR. WOO:  Good morning.

24          MR. DiGIOVANNI:  Good morning, your Honor.

25   Frank DiGiovanni of Connolly Bove for the defendants.  And
```

1    also of Connolly Bove, from our Los Angeles office, Scott

2    Miller and Manuel Nelson.

3              THE COURT:  Okay.  And who will be speaking for

4    the defendants?

5              MR. MILLER:  This is Scott Miller.  I will be

6    primarily, your Honor.

7              THE COURT:  All right.  Is there anybody else

8    that needs to identify themselves?

9              MR. WOO:  No, your Honor.  This is Darryl Woo of

10   Fenwick & West.  I'll be speaking for the record.

11             THE COURT:  For the record, this is the case of

12   Enova Technology Corporation versus Initio Corporation, et

13   al, Civil Action No. 10-4-LPS, and the purpose of today's

14   call is to discuss scheduling in this matter.

15             I have reviewed the proposed schedule, and there

16   were only two matters in dispute.  Generally, what the

17   parties propose is for the most part okay.  Let me give you

18   a little bit of background and then I'll want to hear from

19   each side and then I'll tell you what we're going to do.

20             The one thing that concerns me is I generally

21   don't enter schedules that have open-ended time frames

22   along the lines of expert testimony is due X number of days

23   after the Court issues its ruling on claim construction.

24   Normally, I make you put an actual date in there.

25             In this case, if both parties really do prefer

1  to have it open-ended like that, then what I would do is

2  keep your time frames but I would not schedule the pretrial

3  conference or trial, since I don't know when the Markman

4  opinion will come out.

5        So option A would be you all tell me just

6  schedule it through the filing of case dispositive motions

7  and then you can keep your open-ended dates.  Option B,

8  however, would be if you want to keep your September 2012

9  trial date, which is a date that I can give you.  You would

10  need to agree and put in the order that case dispositive

11  motions are due by April 20th, 2012.  And you would have

12  to recognize the possibility that you may be doing expert

13  discovery and even case dispositive motions before we get a

14  final Markman opinion out.

15        So in the comments that you are about to make,

16  give me an idea, if you know already, whether you would

17  prefer option A or option B and also feel free to address

18  the couple issues that are in dispute between the parties.

19        With that, let me turn it over to Mr. Woo.

20        MR. WOO:  Thank you, your Honor.

21        Well, our preference would be to have a date

22  certain or as reasonably certain as possible for trial, so I

23  would prefer that be set at this time.  I think the parties

24  can work towards meeting all the other deadlines even if we

25  did not have the Markman results in time for expert

1    discovery, dispositive motions.  That has not been a barrier

2    in the past in this District where parties have done that,

3    none of those procedures with alternative constructions in

4    mind.  I don't see that being much of a barrier to us or a

5    disadvantage to us than an open-ended, non-setting of the

6    trial date.

7              At this point, my client is a lot smaller than

8    the defendants in this case and they are being hurt in the

9    marketplace and they really would need or would like to have

10   the September 2012 trial date as a date certain.

11             As for the other issues that are open, I

12   think we're mostly in agreement on everything except for

13   the deadline for joinder of parties or amendment,

14   supplementation of the pleadings.  And I think the delta

15   there is about two to two and-a-half months, and we propose

16   a slightly later one of April 18, 2011 versus defendants'

17   proposal of February 1, 2011.

18             The main reason for that on our part is because

19   there are foreign defendants in this case, foreign witnesses,

20   some of whom are located in Japan.  And I'm expecting that

21   we will have to go through the lengthier procedures to take

22   that discovery.  We may not but there is a little bit of

23   lead time involved if that is required.

24             I believe the other issue is that we are in

25   agreement that testimony that has to be given through an

1    interpreter will receive double the usual seven hours time,

2    but the defendants want, in addition to that, to basically

3    double the time for inventor and prosecuting attorney

4    depositions, and we feel that would be excessive and it

5    should be taken up on a case-by-case basis, if at all, if

6    that can't be worked out, because if, for example, an

7    inventor is a non-English speaking witness, already that's

8    two days of deposition.  And if we let them automatically

9    have double that, that is four days worth of depositions for

10    a single inventor which I think is very excessive.

11             And if there are any other issues, I'd be

12    pleased to address them.

13             THE COURT:  I think you covered them all.

14             Let me hear from Mr. Miller now, please.

15             MR. MILLER:  Good morning, your Honor.  Let me

16    address I guess the schedule first.

17             I think that, obviously, we're interested in

18    efficiency as much as we can and are concerned about what

19    happens with ETS trying to do summary adjudication motions

20    with unresolved claim construction, and the date you put

21    out, the April 20th date, I think would presume, if the

22    other schedule is to remain intact, that we would get a

23    Markman ruling approximately 45 days after the hearing.  I

24    don't know what your Honor's schedule is like in terms of

25    how quickly you are able to get those out and, obviously,

1   you can't prognosticate the future in terms of how long it

2   would take.

3            We had looked at, from our own scheduling

4   standpoint, that if we had a 60-day window for expectation

5   of receipt of that, we'd have dispositive motions being

6   filed in early May and that would still allow the rest of

7   the schedule to stay pretty much intact.

8            You know, we are not opposed to having a fixed

9   trial, but we're also not opposed to -- we'd rather have a

10  floating trial date and be more efficient getting things

11  done than have a date that is picked at random in September

12  at this point where we might have very likelihood of

13  increased inefficiencies.

14           I sympathize with Mr. Wu's point of having a

15  client that is smaller.  I would think he would also want to

16  have the greater efficiency of having the knowledge of the

17  claim construction to be able to move forward more directly

18  and completely, that would be the best for all parties in

19  terms of how we're going to present these matters to the

20  Court for determination.

21           So I think we would prefer to have the

22  efficiency over the artificial date of picking the trial

23  date at this point but understand that if that is where you

24  are going to go, then I guess we would suggest the case

25  dispositive motions be pushed to early May which would give

1    your Honor approximately a 60-day window.  Like May 4th,

2    that Friday, would give your Honor about a 60-day window to

3    issue the claim construction, and the rest the dates would

4    trail consistently as the parties have identified.

5           With regard to the issue concerning motions to

6    join other parties.  The problem with the April date, that

7    if we have a motion to join other parties brought or file a

8    new claim, for example, that motion isn't going to get heard

9    until late -- mid-to-late May at the earliest, and we have

10   claim construction issue identification due in late June,

11   and we're going to end up cramping the schedule, I'm afraid,

12   if we end up with, for example, a whole new patent added.

13          We know there is a continuation in part that is

14   about to issue that is related to these patents.  If the

15   expectation is to bring that in and wait until the end of

16   April to do it, we think that would adversely impact the

17   schedule, and we would prefer to have that resolved in

18   early -- if we are solve the motions in early February, they

19   would get decided in March, we would expect, and that would

20   then still allow us to have the time to investigate this new

21   patent, for example, if that is what is going to come in.

22          I'm not sure exactly what happens on a motion

23   to amend, for example, under Exergen where we may have to

24   amend after taking discovery to add in additional facts for

25   inequitable conduct.  I don't know whether the February 1 or

1    April 18th date would be a hard cutoff for being able to do

2    that as well or whether this is a time we would have a right

3    to file that amendment and, after that, we would need to

4    show good cause.  It wasn't 100 percent clear to me from the

5    court order, but I presume that is what you were thinking,

6    although I don't think it explicitly says that.

7              With regard to the inventor and attorney issue

8    for the length of the deposition.  First off, the extended

9    time for use of interpreter, I don't know if your Honor

10   sat through -- I'm sure you have sat through testimony with

11   an interpreter.  You can appreciate the fact that it takes

12   twice as long or sometimes more than twice as long, especially

13   if you have a check interpreter involved to obtain the

14   testimony.  So the extension for use of an interpreter is

15   merely something that puts you back on equal footing with a

16   normally English speaking witness.

17             What we have asked for is that there is one

18   inventor common to both patents, and there is the patent

19   prosecutor who is common to both patents that are in suit

20   today.  What we ask is for those particular two persons that

21   we be allowed to have more than one day because of the

22   importance obviously of their testimony.

23             We don't have a desire or intention to waste

24   time or to hold these people up for extended periods of

25   time, but we do think that it's fair that in the case of

1    that one inventor who is common to both patents and the

2    patent prosecutor who is common to both patents -- there is

3    a number of other inventors who are only on one patent and

4    those would not be affected by this, but as to those two

5    individuals, we would like to have additional time to be

6    able to cover the subject matter of their testimony because

7    of the importance, obviously, they can bring to this case.

8            I think that hit all the issues.  If you have

9    any other questions or would like to hear anything else, I

10   would be happy to discuss it.

11           THE COURT:  No, I think you covered it all.

12   Mr. Woo, do you have any brief response you would wish to

13   make?

14           MR. WOO:  Not really.  I think we outlined our

15   positions.  And it seems to me that there is one common

16   inventor to both.  You wouldn't to tell the same story of

17   the invention two times.  I think, if I am recalling this

18   case correctly, the specification is either common or

19   certainly the development story is the same.  So I don't see

20   the real need to have double the number of hours for his

21   deposition.

22           THE COURT:  Okay.  Thank you, counsel.

23           Here is what we're going to do.  I'm going to

24   have you all submit to me a revised proposed order by a week

25   from today.  And I'm going to tell you some of what is going

1   to be in it, and you may have to meet and confer with

2   respect to certain other interim dates.  And I'll leave that

3   to you all in the first instance.

4            If you have any disputes, which I don't think

5   you will, but if you do, just put the competing positions in

6   the new proposal as you did this time around.

7            I am going to go ahead and give you the

8   September trial date that you asked for and have you convert

9   this order into one in which there are fixed dates.

10           I understand both the plaintiff's desire to get

11  to trial and have a date certain for trial and also the

12  countervailing concern about efficiency, but in this case,

13  to the extent there is any conflict between those two, I

14  side with the desire for a certain trial date.  That is,

15  as I understand it and as requested, in the plaintiff's

16  interest but it's also in the Court's interest to have fixed

17  dates on its calender and makes it easier for us to make

18  sure we're keeping track of all the many cases we have and

19  giving each case the attention it needs as it comes along.

20           As all counsel know, it's not that uncommon in

21  this District for parties to have to do expert discovery and

22  brief case dispositive motions without knowing what the

23  claim construction is going to be.  And while I certainly

24  will be having a relatively early Markman hearing, as you

25  request, and will take the Markman issues under advisement

1    and will get you a Markman ruling as soon as we can, if it

2    turns out that you have to go through expert discovery

3    and case dispositive motions without knowing our claim

4    construction, that does sometimes happen but the fear of

5    that does not outweigh the desire for a trial.

6              Let me go specifically through your proposal and

7    tell you what I expect to see in the new version next week.

8              Paragraph 2, with respect to joinder of other

9    parties, I'm going to give you all until the April 18th,

10   2011 date as requested by the plaintiffs.

11             All parties, but particularly the plaintiff,

12   should understand while you may have a right to amend the

13   pleadings and join other parties up through April 18th,

14   2011, if you do something that completely transforms or

15   expands this case, and the defendants say that the schedule

16   that was imposed today, based on what this case is today, is

17   no longer a tenable viable schedule, then I will certainly

18   listen to that argument and may have to give defendants some

19   scheduling relief.  But I think there is good cause for

20   giving the April 18th date at this time and hope and believe

21   that will not be taken advantage of in a way that threatens

22   the rest of the schedule.

23             At paragraph 3a on the limitation on hours for

24   deposition discovery, I agree with the defendants on this

25   one.  Each side is going to have the limited number of total

1    hours overall for deposition testimony.  So I don't expect

2    that either side, and particularly defendants, is going to

3    waste any of that time by overdoing it with the prosecuting

4    attorney or the common inventors.  But if they find in good

5    faith that they need the full 14 hours for those individuals

6    and they think that is the best use of a portion of their

7    overall deposition time, then they may do so.

8              My next comments are not until paragraph 3d on

9    disclosure of expert testimony.  Again, you are going to

10   convert all of these into actual dates, but I do want you to

11   add in there at paragraph 3d something to the effect of no

12   additional expert reports may be filed without either

13   consent of all parties or leave of the Court.

14             Then at paragraph 5, where you have papers

15   filed under seal, when you file papers under seal, you

16   should deliver to the clerk an original and two copies of

17   the papers and also add that we expect two courtesy copies

18   of all briefs to be provided regardless of whether of

19   whether the briefs are filed under seal.

20             At paragraph 8, we're not going to have a status

21   conference so you can cross out paragraph 8.

22             Now I'm at paragraph 13.  The hearing on claim

23   construction will begin at 10:00 a.m. on September 21st,

24   2011.  And that's for the Court to hear argument on claim

25   construction.  If either party intends to present evidence

1   at the claim construction hearing, you will have to give

2   notice of that to the other side and to the Court no later

3   than 20 days before the hearing.

4            Pretrial conference, paragraph 15, will be on

5   August 20th, 2012.

6            The proposed final pretrial order will be due on

7   August 10th, 2012.  And,

8            Finally, paragraph 18, we will schedule this

9   matter for a 10-day jury trial beginning on September 10th,

10  2012; and counsel should plan on each side being allocated

11  20 hours as opposed to 24 hours to present their case.

12           I don't want to have any more argument, but I

13  want to make sure I've been heard and I've been clear.

14           Any questions, Mr. Woo?

15           MR. WOO:  No, your Honor.  Thank you very much.

16           THE COURT:  Okay.  Mr. Miller?

17           MR. MILLER:  I only have one question.  It's

18  not an argument.  It's just a point, if I could raise it,

19  your Honor.

20           THE COURT:  Okay.

21           MR. MILLER:  On the scheduling of the pretrial

22  conference.  We have had a large gap there by agreement

23  because my daughter is graduating from high school that

24  year, and I was hoping to be able to go off on a two and-a-half

25  to three week trip with her before she gets off to college

1    and get her off to college, so we had actually built in

2    time for that to occur in August.  I don't know whether the

3    Court's calender is such that we could still accommodate

4    that or not.

5                    THE COURT:  I'm sure we can.  Obviously, I

6    didn't know the reasoning behind that, and generally we'd

7    prefer to have the pretrial conference closer to the trial;

8    but if plaintiff is willing to accommodate that, I certainly

9    am.

10                   I don't know offhand if your July 16th date

11   works for me, but we will put in a date some time in July

12   for you.  Would that work?

13                   MR. MILLER:  That would be fine with me, if

14   Mr. Woo is still in agreement.  Thank you, your Honor.

15                   MR. WOO:  Yes, that is fine.

16                   THE COURT:  Okay.  We'll find a July pretrial

17   date for you.

18                   Is there anything further, Mr. Miller?

19                   MR. MILLER:  No, that's it, your Honor.

20                   THE COURT:  Okay.  Thank you all very much.

21   Good-bye.

22                   (The attorneys respond, "Thank you, your Honor.")

23

24

25