

# CONNOLLY BOVE LODGE & HUTZ LLP

ATTORNEYS AT LAW

Francis DiGiovanni
Partner

TEL (302) 888 6316
FAX (302) 658 5614
EMAIL fdigiovanni@cblh.com

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614

WEB: www.cblh.com

*Via ECF System*

March 21, 2011

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124
Wilmington, DE 19801-3556

    Re: *Enova Tech. Corp. v. Initio Corp., et al.*, C.A. No. 10-04-LPS

Dear Judge Stark:

    Pursuant to your February 24, 2011 Order (D.I. 66), Initio Corp. asks the Court to compel Enova Technology Corp. to properly respond to Initio's Second Set of Requests for Admission ("RFAs"). Copies of Initio's Second Set of RFAs, Enova's responses thereto, and a February 15, 2011 letter memorializing the parties' meet and confer process, are enclosed as Exhibits 1, 2, & 3, respectively. A teleconference is scheduled for April 6, 2011 at 4:15 p.m.

    While the parties are before the Court on RFAs, the meet and confer process confirms that the issue confronted impacts the scope of proper discovery, including depositions and contention interrogatories, as well as identification of accused products, scope of relevant prior art, and qualifications of appropriate experts. The set of RFAs at issue effectively constitute 11 requests; the framing of these requests as a fact or opinion and in the positive and negative result in 44 RFAs. Each of the RFAs is directed to an acronym found in the written description of U.S. Patent No. 7,385,734 ("the '734 patent"). (A copy of the '734 patent is provided as Exhibit 4.) RFAs 5-26 seek admissions regarding Enova's opinion regarding certain facts, and RFAs 27-48 seek admissions regarding certain facts. Thus, the subject RFAs comply with Fed. R. Civ. P. 36, which permits an RFA to seek an admission relating to facts, application of law to facts, or opinions about either.

    To help frame the problem, below are representative RFAs 5 & 27, 7 & 29, and 19 & 41:

**REQUEST FOR ADMISSION NO. 5:**
    Admit that, in your opinion, "DMA," as used in specification of the '734 patent (see, e.g., col. 1, ll. 30-32), refers to "Direct Memory Access".

**REQUEST FOR ADMISSION NO. 27:**
    Admit that "DMA," as used in specification of the '734 patent (see, e.g., col. 1, ll. 30-32), refers to "Direct Memory Access".

**REQUEST FOR ADMISSION NO. 7:**
    Admit that, in your opinion, "UDMA," as used in specification of the '734 patent (see, e.g., col. 2, ll. 60-63; col. 5, ll. 5-10), refers to "Ultra DMA".



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Leonard P. Stark
March 21, 2011
Page 2

**REQUEST FOR ADMISSION NO. 29:**
Admit that "UDMA," as used in specification of the '734 patent (see, e.g., col. 2, ll. 60-63; col. 5, ll. 5-10), refers to "Ultra DMA".

**REQUEST FOR ADMISSION NO. 19:**
Admit that, in your opinion, "UDMA," as used in specification of the '734 patent (see, e.g., col. 2, ll. 60-63; col. 5, ll. 5-10), refers to Ultra DMA referred to in ANSI NCITS 317-1998 (see, e.g., pp. 4, 5, 11, 12, 13, 14, 15, 22, 23, 24, 82, 84, 90, 91, 98, 101, 119, 121, 127, 131, 134, 139, 142, 158, 164, 198, 202, 205, 208, 211, 213, 216, 217, 234, 244, 250, 253, 254, 255, 256, 257, 258, 268, 269, 271, 272, 273, 274, 275, 276, 277, 278, 279).

**REQUEST FOR ADMISSION NO. 41:**
Admit that "UDMA," as used in specification of the '734 patent (see, e.g., col. 2, ll. 60-63; col. 5, ll. 5-10), refers to Ultra DMA referred to in ANSI NCITS 317-1998 (see, e.g., pp. 4, 5, 11, 12, 13, 14, 15, 22, 23, 24, 82, 84, 90, 91, 98, 101, 119, 121, 127, 131, 134, 139, 142, 158, 164, 198, 202, 205, 208, 211, 213, 216, 217, 234, 244, 250, 253, 254, 255, 256, 257, 258, 268, 269, 271, 272, 273, 274, 275, 276, 277, 278, 279).

RFAs pairs 5 & 27, 7 & 29, and 19 & 41 have companion RFAs seeking admissions in the negative rather than in the positive. (RFAs 6 & 28, 8 & 30, and 20 & 42, respectively).

Initio believes that resolving this dispute will provide guidance that will eliminate future discovery issues. Moreover, these requests will serve to limit possible issues about the scope of the disclosure provided by the '734 patent's written description and thus make claim construction more efficient. Additionally, the responses may also expose a basis for an early summary adjudication of one of the two patents-in-suit.

Enova evasively responded to every one of the 44 RFAs at issue as follows:

Enova incorporates by reference its General Objections as if fully set forth herein. Enova objects to this request to the extent that it imposes obligations upon Enova that are broader than, or inconsistent with, the Federal Rules of Civil Procedure or the local rules of this Court. Enova further objects on the ground that the request prematurely calls for an expert opinion. Enova further objects to this request to the extent that it requires construction of claim terms of the Patents-in-Suit in order to respond and/or involves claims construction issues. The Court has not yet rendered its claim construction, and indeed, the parties, including defendants, have not yet even proposed constructions. Consequently, such requests are premature.

During the parties' meet and confers, Enova primarily argued that the RFAs seek or are impacted by claim construction, and are thus premature. Enova offered to substantively respond to the RFAs after the claims had been construed by the Court.

The subject RFAs seek opinions and facts about acronyms used in the written description of the '734 patent, and related opinions about those acronyms. No RFA is specifically directed

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Leonard P. Stark
March 21, 2011
Page 3

to the meaning of a claim term. That some of these acronyms also are found in some claims should not prevent this inquiry, as the Court is charged with determining the meaning of claim terms, regardless of a party's opinion or admission of fact relating to the meaning of acronyms found in the patent's written description. None of the RFAs seek Enova's construction of a claim term.

For example, RFAs 7 and 29 merely request that Enova admit that, in its opinion, or as a fact, respectively, the acronym "UDMA," as used in a particular context (col. 2, ll. 60-63; col. 5, ll. 5-10) in the written description of the '734 patent refers to "Ultra DMA." RFAs 19 and 41 simply request that Enova admit that, in its opinion, or as a fact, respectively, the acronym "UDMA," as used in that same particular context (col. 2, ll. 60-63; col. 5, ll. 5-10) in the written description of the '734 patent refers to Ultra DMA referred to in the commonly known and publicly available specification ANSI NCITS 317-1998 (Ex. 5). This focus on the written description of the '734 patent and not the claims seeks factual information about the patent's disclosure, not claim construction.

During the meet and confers, Enova expressed fears that substantively responding to the subject RFAs could bind it during the claim construction process. This concern can be raised in connection with virtually any discovery, and its impact is not limited to these RFAs. Indeed, Enova admitted during the meet and confers that, inquiries made pursuant to Fed. R. Civ. P. 30(b)(6) seeking the same information would be resisted via the same objection, namely, that the discovery of such information is impermissibly premature. Enova offered to permit deposition questions seeking such information from the individual inventors of the '734 patent testifying in their individual capacities, three of whom no longer work for Enova.

Enova cannot be empowered to unilaterally place upon Initio the undue burden of having to take four depositions, including three third-party depositions in Taiwan, to obtain the relevant information that Initio seeks, which can be much more efficiently obtained via one 30(b)(6) deposition, or even more simply, via the few RFAs at issue here. Deferral of discovery that merely impacts on, or is impacted by, claim construction until after the claims are construed is inconsistent with the deadlines set by the Court in the Scheduling Order and the Court's encouragement, in the Scheduling Order, that the parties provide their contentions and positions early. See DI 53, § 3.c.

The subject RFAs follow the Court's recommendation, and ultimately will help narrow the issues requiring proof in the case.

Initio respectfully requests Your Honor's assistance in connection with Enova's evasive responses to Initio's Second Set of RFAs 5-44, including an Order compelling Enova to properly respond to the RFAs.

Sincerely,
/s/ *Francis DiGiovanni*
Francis DiGiovanni