## ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 22, 2011

The Honorable Leonard P. Stark  
United States District Court  
J. Caleb Boggs Federal Building  
844 N. King Street  
Wilmington, DE 19801-3556

VIA ELECTRONIC FILING

Re: *Enova Technology Corporation v. Initio Corporation, et al.,*  
C.A. No. 10-04-LPS

Dear Judge Stark:

Pursuant to the Court's February 24, 2011 Order Setting Teleconference (D.I. 66), Enova Technology Corporation ("Enova") hereby submits this letter outlining its reasons for opposing Initio Corporation's ("Initio") request that the Court compel Enova to respond to Initio's Second Set of Requests for Admission ("RFAs").

Initio seeks to circumvent the Scheduling Order and force Enova to "Admit" to binding claim construction positions before any real discovery and long before any proposed constructions are even due. Initio's Second Set of RFAs request that Enova admit that the terms "DMA" and "UDMA" "as used in the specification" of the '734 patent refer to a particular definition found in an extrinsic ANSI document. *See, e.g.,* RFA 19, 41. While Initio tries to innocently assert that it is only asking for the meaning of these terms as used in the written description, and not the claims, its RFAs are actually directed to the "specification" (which includes the claims) and a term ("UDMA") that appears in *all five asserted claims of the '734 patent*. This is a clear end-run, and Initio's motion should be denied.

In the Scheduling Order (D.I. 53), the Court expressly found that "a limited earlier claim construction" would *not* be helpful in resolving the case. D.I. 53 at 5. Accordingly, it set out an orderly schedule for the parties to exchange a list of claim terms and proposed constructions on June 24, 2011, and then to file a Joint Claim Construction Chart identifying only intrinsic evidence on July 22. *Id.* Claim construction briefing and a hearing is set for August and September, 2011. *Id.* at 6. Despite this Scheduling Order, on December 29, 2010, months before any proposed constructions were even due, Initio served its Second Set of RFAs on Enova demanding that Enova "Admit" to a definition of a disputed claim term (UDMA) and a related term (DMA) as set forth in an extrinsic technical reference. Initio's requests are both premature and the subject of expert opinion; and Enova's objections on these grounds are entirely proper.

The Honorable Leonard P. Stark
March 22, 2011
Page 2

Initio's assertion that none of its RFAs seeks Enova's construction of a claim term is specious.[1] The term UDMA is a claim term. E.g. '734 patent, claims 1-5. Any request asking for the meaning of this term "as used in the specification" directly seeks Enova's position on claim construction. 35 U.S.C. § 112 (claims are part of the specification). Moreover, Initio's other requests asking about DMA or the usage of the terms DMA and UDMA "as understood by one of ordinary skill" are likewise directed toward ferreting out and binding Enova prematurely to claim construction positions. These requests are properly addressed through the orderly claim construction disclosures set out in the Scheduling Order.

Furthermore, the sole purpose of Initio's Second Set of RFAs is to force Enova to make these premature disclosures. Indeed, Enova's "opinion" about what terms in the '734 patent mean is not relevant to any issue, *except* to the extent that this opinion would bind Enova into a particular claims construction position. This is clear from the alleged benefits claimed by Initio in its motion—if Enova is forced to take premature positions on issues subject to expert discovery and to the Court's determination, Initio asserts that it may not have to take discovery at all and can skip ahead to summary adjudication. However, the timing of claim construction disclosures is always a matter of balancing such concerns, and was explicitly considered by the Court in setting the schedule in this case. These concerns do not justify forcing Enova to make premature disclosures now, particularly when Enova will disclose its positions under the Scheduling Order in only a few months anyway.

Enova has already provided Initio with early infringement contentions as contemplated by the Scheduling Order. *See* D.I. 53 at 2. Moreover, Initio is free to take discovery from the

---

[1] The RFAs at issue comprise eight categories:
1. RFAs that, "in your opinion," DMA and UDMA as used in the specification of the '734 patent, refer (or do not refer) to Direct Memory Access or Ultra Direct Memory Access, respectively. RFAs Nos. 5-10.
2. RFAs that, "in your opinion," DMA and UDMA as used in the specification of the '734 patent, refer (or do not refer) to Direct Memory Access or Ultra Direct Memory Access, respectively, "referred to in ANSI NCITS 317-1998." RFAs Nos. 11-12, 15-16, 19-20, 23-24.
3. RFAs that, "in your opinion," DMA and UDMA, as understood by one of ordinary skill in the art, refer (or do not refer) to Direct Memory Access or Ultra Direct Memory Access, respectively, "referred to in ANSI NCITS 317-1998." RFAs Nos. 17-18.
4. RFAs that, "in your opinion," DMA and UDMA, as understood by one of ordinary skill in the art, refer (or do not refer) to Direct Memory Access or Ultra Direct Memory Access, respectively, "referred to in ANSI NCITS 317-1998." RFAs Nos. 13-14, 21-22, 25-26,
5. RFAs that, DMA and UDMA as used in the specification of the '734 patent, refer (or do not refer) to Direct Memory Access or Ultra Direct Memory Access, respectively. RFAs Nos. 27-32.
6. RFAs that, DMA and UDMA as used in the specification of the '734 patent, refer (or do not refer) to Direct Memory Access or Ultra Direct Memory Access, respectively, "referred to in ANSI NCITS 317-1998." RFAs Nos. 33-34, 37-38, 41-42, 45-46.
7. RFAs that, DMA and UDMA, as understood by one of ordinary skill in the art, refer (or do not refer) to Direct Memory Access or Ultra Direct Memory Access, respectively, "referred to in ANSI NCITS 317-1998." RFAs Nos. 35-36, 39-40.
8. RFAs that, DMA and UDMA, as understood by one of ordinary skill in the art, refer (or do not refer) to Direct Memory Access or Ultra Direct Memory Access, respectively, "referred to in ANSI NCITS 317-1998." RFAs Nos. 35-36, 43-44, 47-48.

The Honorable Leonard P. Stark
March 22, 2011
Page 3

inventors, and an inventor's testimony on the meaning of a claim term may have some limited relevance to claim construction. *But see Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F. 3d 1575, 1580 (Fed. Cir. 1996) ("*Markman* requires us to give no deference to the testimony of the inventor about the meaning of the claims."). Enova is not placing any burden on Initio to take this discovery and Initio certainly could decide not to depose any of the inventors, especially given the very limited role of such extrinsic evidence. However, that Initio may have to conduct some discovery on claim construction is not an excuse to force premature disclosure of claim construction positions in violation of the Scheduling Order. D.I. 53.

Enova respectfully requests that Initio be ordered to abide by the Scheduling Order governing claim construction in this case, and that Intio's motion to compel be denied.

Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

TGL: nml

cc. Francis DiGiovanni, Esquire (via electronic mail)
Scott R. Miller, Esquire (via electronic mail)
Darryl M. Woo, Esquire (via electronic mail)

{00500673;v1}