IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENOVA TECHNOLOGY CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 10-04-LPS |
| INITIO CORPORATION, ET AL., | : | |
| Defendants. | : | |

## SUPPLEMENTAL CLAIM CONSTRUCTION ORDER

At Wilmington this **19th** day of **February, 2013**:

Having reviewed the parties' briefs and related materials regarding Defendants' request for additional claim construction (D.I. 462-65, 468-69), and the Court's prior claim construction opinion and order (D.I. 409, 410), which are incorporated herein by reference, IT IS HEREBY ORDERED that:

1. The terms "data stream interceptor," "main controller," "data generating controller," "data storage controller," and "cipher engine," as used in the '995 patent, do not require construction.[1]

2. The term "main controller," as used in claims 1, 5, 9, 13, and 14 of the '995 patent and claims 1 and 48 of the '057 patent, means "one or more components adapted to receive input from and provide control signals to other components to coordinate their overall operation."[2]

3. The term "a main controller receiving input from said at least one data stream

---

[1] The Court is not persuaded by Defendants that their proposed construction is appropriate as a matter of logic, law, grammar, or technology.

[2] The Court is persuaded by Plaintiff that this is the "ordinary meaning" of this term in the context of the claims.

interceptor and determining whether incoming data would be encrypted, decrypted or passed through based on the received input from said at least one data stream interceptor," as used in claims 1, 5, 9, 13, and 14 of the '995 patent, means "the main controller receives input distinguishing between command/control and data signal transfers from the data stream interceptor and uses that input to determine whether to encrypt/decrypt or pass through each signal."[3]

4. The term "FIS (Frame Information Structure)", as used in claims 1, 5, and 48 of the '057 patent, does not require construction.

5. The term "cryptographic engine . . . for encrypting and decrypting at least a subset of data FISes (Frame Information Structures) communicated to or from the SATA protocol stack," as used in claim 1 of the '057 patent, does not require construction.

6. The term "SATA protocol stack," as used in claims 1, 2, and 6 of the '057 patent, means "one or more of a physical, a link and a transport layer and does not include the application layer."[4]

7. The term "the main controller configured to cause . . . the SATA protocol stack to process a Register-Device to Host FIS [without decryption responsive to receiving the Register-Device to Host FIS from the interface of the device]," as used in claim 1 of the '057 patent, does

---

[3] The Court agrees with Defendants that the proper construction requires that "input" resulting from the "distinguishing" be sent to and used in some way by the main controller in "determining." (D.I. 469 at 5)

[4] The Court is not persuaded by Plaintiff's criticisms of Defendants' proposed construction based on the doctrine of claim construction and an embodiment disclosed in the Provisional Patent Application. (D.I. 462 at 17-18)

not require construction. The term is given its plain meaning.[5]

The claim construction hearing scheduled for the first day of trial (February 25, 2013) is CANCELLED. The parties shall be prepared to make their opening statements and call witnesses once jury selection is concluded.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

_____
UNITED STATES DISTRICT JUDGE

---

[5] The Court is not persuaded by Defendants' criticism of "*Enova's* attempt to re-write this limitation" (D.I. 469 at 9) (emphasis added), particularly given that Enova does not believe *any* additional claim construction is necessary at this point in the case.